IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-10208-01-WEB |
| ) | |
| BRIAN J. BUTTERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on June 6, 2007, for a hearing on the defendant's objections to the Presentence Report and for sentencing. The court orally denied the defendant's objections in the course of the sentencing hearing. This written memorandum will supplement the court's oral ruling.

I. *Objections*.

The defendant has filed five objections to the Presentence Report and a sentencing memorandum arguing for a sentence below the ten year imprisonment sentence required by 18 U.S.C. § 2422.

**Objection No. 1** - challenges the statement of the Offense Conduct included in the Presentence Report. In his objection, the defendant essentially denies that he is guilty of the offense, arguing that he did not really believe that "Michelle" [the undercover officer] was 13 years old, and denying that he told officers he believed she was 13. The court denies this objection, as defendant's arguments are contrary to the jury's verdict and the evidence presented at trial.

**Objection No. 2** - concerns the 2-level enhancement in ¶ 24 for having "unduly influenced

a minor to engage in prohibited sexual conduct." USSG § 2G1.3(b)(3).  Defendant argues the enhancement cannot apply because the purported victim was actually an undercover officer.  In response, the Government argues the enhancement applies because Section 2G1.3 defines a "minor" to mean someone under 18 years old **or** an undercover law enforcement officer who represents to the defendant that the officer is under 18 years old.

The court notes that two circuit courts have found this particular type of enhancement does not apply to cases involving an undercover agent posing as a minor.  *See United States v. Chriswell*, 401 F.3d 459 (6th Cir. 2005) and *United States v. Mitchell*, 353 F.3d 552 (7th Cir. 2003).  One circuit court has ruled to the contrary.  *United States v. Root*, 296 F.3d 1222 (11th Cir. 2002).

In this instance, the court need not address the split of authority or make a ruling on the issue, because the disputed matter will not affect the sentence to be imposed.  Because the defendant is subject to a mandatory minimum sentence of 10 years, which is above the guideline range that would otherwise apply, the dispute over the 2-level increase will not affect the guideline range or the sentence to be imposed.

**Objection No. 3** – relates to ¶ 52 of the PSR, which alleges that while the defendant was serving in Iraq, he wrote inappropriate letters to three female middle-school students in New Jersey, which resulted in an "Article 15" proceeding against him and at least a temporary reduction in rank. Defendant objects on the ground that the Article 15 proceeding was never formalized, and on the ground that this information is not material to sentencing.  He also claims inclusion of the information in the PSR could subject him to harm in prison or to other adverse consequences and that it "raises constitutional questions."

In response to the defendant's objections, the Probation Office obtained copies of the letters

in question and military records relating to the Article 15 proceeding. The court notes that although the letters were not overtly sexual, they were inappropriate. Among other things, one of the letters requested a picture of the recipient "in a 2-piece bathing suit" showing her "from head to toe." Two of the letters stated that the defendant wanted to keep writing and asked the girls if their parents read their mail. (The evidence at trial showed the defendant asked a similar question of the undercover agent posing as a 13-year old.) In two of the letters, the defendant stated that the girls were beautiful and that he hoped they could meet in person and that he wanted to take them shopping.

The court concludes that these letters provide further evidence the defendant is in need of sex offender counseling. The information may also be relevant to the Bureau of Prisons in deciding where to place the defendant or what type of treatment he needs. The court finds nothing to suggest disclosure of such information will subject the defendant or others to harm. As for the information in the PSR about the Article 15 proceeding, the court likewise sees no reason to exclude that information from the Report.

**Objection No. 4** – defendant argues that a 10-year sentence constitutes cruel and unusual punishment, and that such a sentence was not intended for cases where there is no actual minor victim.

The Supreme Court has held that the fixing of specific mandatory prison terms is generally a matter for the legislature, not the courts. The Court on several occasions has upheld mandatory minimum sentences much more severe than the one at issue here. *See United States v. Angelos*, 433 F.3d 738, 751 (10th Cir. 2006) (listing cases).

In *United States v. Cunningham*, 191 Fed.Appx. 670, 2006 WL 2089776 (10th Cir. 2006), the Tenth Circuit rejected an Eighth Amendment challenge by a defendant sentenced to 180 months'

imprisonment for attempted child exploitation.  Like the instant case, *Cunningham* involved an undercover agent posing as a minor on the internet.  In rejecting the defendant's claim that his sentence was unconstitutionally disproportionate to his offense, the court said Congress had increased the mandatory minimum penalty for this type of offense in part because courts often granted lenient sentences in cases involving an undercover officer rather than an actual minor.  Congress concluded the mandatory sentence was appropriate "because the offender's conduct in such a case reflects a real attempt to engage in sexual abuse of a child, and the fact that the target of the effort turned out to be an undercover officer has no bearing on the culpability of the offender, or on the danger he presents to children if not adequately restrained and deterred by criminal punishment."  *Id*. at \*\*4 (quoting H.R. Conf. R. No. 108-66, 2003 U.S. Code Cong. & Admin. News 683, 685).

In this case the jury found, based upon substantial evidence, that the defendant attempted to entice what he thought was a 13-year old girl to have sex with him.  Given the real danger that such conduct presents, a 10-year sentence is not grossly disproportionate to the crime and does not constitute cruel and unusual punishment within the meaning of the Eighth Amendment.  *Cf. Angelos*, 433 F.3d 738, 750 (10th Cir. 2006) (noting Eighth Amendment forbids only "extreme sentences that are grossly disproportionate to the crime.").

**Objection No. 5** – defendant objects to the requirement that he participate in mental health and sex offender treatment.  He also objects to the use of a polygraph as part of such treatment.  The court concludes that the objection should be denied.  The foregoing conditions are entirely appropriate for furthering the defendant's rehabilitation.

**Defendant's sentencing memorandum** – defendant raises several other arguments as well,

4

including that the sentence violates Due Process, Equal Protection, and the separation of powers doctrine. As the Government points out in its response, however, such arguments are without support, and the court finds no basis for concluding that the defendant's sentence in this case is unlawful.

    II. *Conclusion*.

The defendant's objections to the Presentence Report, and his arguments for a sentence below the statutorily-required minimum sentence of 10 years' imprisonment, are DENIED.

The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this   7th   Day of June, 2007, at Wichita, Ks.

                                s/Wesley E. Brown
                                Wesley E. Brown
                                U.S. Senior District Judge