IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-10208-WEB |
| | ) | 09-1305 |
| BRIAN J. BUTTERS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

This matter comes before the court on the Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 81).

I. History of the Case

Brian Butters was indicted on one count of using the computer and the telephone to persuade, induce and entice a person whom he believed to be a 13 year old female to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and criminal forfeiture pursuant to 18 U.S.C. § 2253(a)(3). No pretrial motions were filed in the case, and the case was decided by a jury trial. The jury found Butters guilty as charged. Butters filed a sentencing memorandum, objecting to a number of findings in the presentence report, and objecting to the mandatory minimum sentence. The Court denied Butters' objections. Butters was sentenced to 120 months imprisonment.

Butters filed an appeal with the Tenth Circuit, arguing that there was insufficient evidence to support his conviction, his confession to FBI agents was involuntary, and his sentence violated the Fifth and Eighth Amendments to the United States Constitution. The Tenth Circuit affirmed Butters' sentence and conviction. United States v. Butters, 267

1

Fed.Appx. 773 (10th Cir. 2008). Butters then filed this motion to vacate.

II. Defendant's Motion

Butters argues his Sixth Amendment right to effective assistance of counsel during trial was denied when counsel failed to object to the admission of unduly prejudicial evidence, and his Sixth Amendment right to effective assistance of counsel was denied when appellate counsel failed to raise meritorious arguments on direct appeal. Butters also requests an evidentiary hearing.

The Government filed a response, arguing that trial counsel was not ineffective, as the evidence was properly admitted and defense counsel properly objected to the admission of the evidence. The Government also argues that appellant counsel was not ineffective in not raising frivolous issues on appeal.

III. Discussion

a. Ineffective Assistance of Counsel - Trial

To establish ineffective assistance of counsel, a defendant must show his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Judicial scrutiny of counsel's performance must be highly deferential......a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'." Strickland at 689, citing Michel v. Louisiana, 350 U.S. 91, 76 S.Ct.158, 100 L.Ed. 83 (1955). The defendant must also show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.  Strickland at 694.

Butters argues that his counsel was ineffective in failing to object to the admission of the photographs taken from the video web camera that show him masturbating.  The Government argues the photographs are admissible, and relevant to the elements of the offense.  Relevant evidence refers to "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.  All relevant evidence is admissible, Fed.R.Evid. 402, however, under Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."  Fed.R.Evid. 403.   "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged."  Old Chief v. United States, 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).  Relevant evidence is inherently prejudicial, but it may be excluded only if the prejudice is so unfair that it outweighs the probative value.  United States v. Sides, 944 F.2d 1554, 1563 (10th Cir.), *cert denied*, 112 S.Ct. 604 (1991).

Butters argues that his counsel did not object to the pictures from the web camera being shown to the jury.  The Government argues that counsel did object to the pictures being admitted, and also to the pictures being shown on the projector during trial.  The transcript shows the following:

> Q.  (By Mr. Metzger): Did you take periodic screen shots of the web cam images throughout the remainder of your instant message conversation with Mr. Butters?
> A: (By Witness Posey): Yes, I did.
> > Mr. Metzger: Your Honor, could we approach just very briefly?
> > The Court: Yes
> > (The following took place out of the hearing of the jury.)

3

> Mr. Metzger: Your Honor, these are pretty graphic images. I can pass them to the jury. We've got them set up to show them on the screen.
> The Court: There's no reason not to keep on as far as I'm concerned.
> Mr. Henderson: Your Honor, I would object. I don't think there is any reason for the jury to see these.
> The Court: I think there is.
> Mr. Henderson: He ask her to describe what's exhibited on the photograph. We would submit they are prejudicial and inflammatory and there's no real reason for the jury to see these. They'll see them in the jury room.
> The Court: Well, this is just - - they can see it in the barnyard or anyplace else. I don't know - - are you worrying about the crowd out here? Is that what you're worried about?
> Mr. Henderson: My only concern is the jury and - -
> The Court: They're going to see them anyway.
> Mr. Henderson: I agree, but they don't need to see them blown up more than life size on the screen. That's prejudicial.
> The Court: I find no prejudice. This is the guy that did it. They've been admitted.
> Mr. Henderson: No question.
> The Court: So I can't see any prejudice. He's the one that did it. He's the one that showed it.
> Mr. Henderson: I just object to them being blown up - -
> The Court: You can make your record. I have to rule on it. If you had a good basis for it, I might consider it, but you don't have any basis for it. It is a part of the case.

The court changed its ruling after viewing the photographs, allowing the photographs to go to the jury, but not allowing the photographs to be displayed on the screen. It is clear from reading the transcript that counsel for Butters was not objecting to the admission of the photos, but only to the photos being displayed on the projector.

Butters cites to <u>United States v. Smith</u>, 534 F.3d 1211 (10th Cir. 2008) to support his argument that the photographs were prejudicial and inflammatory. In <u>Smith</u>, the defendant claimed undue prejudice as a result of the graphic photographs being shown to the jury. The Court found that photographs of bloodied, bullet-ridden bodies and blood-stained clothes would have substantially more prejudicial than probative value. <u>Id.</u> at 1219. However, the Court

4

determined that any error that occurred was harmless as it did not affect the substantial rights of a party. Id. at 1220. The Court found that the error affects a substantial right when it has "substantial influence on the outcome or leaves one in grave doubt as to whether it had such effect." Id., citing United States v. Rivera, 900 F.2d 1462, 1469 (10th Cir. 1990). Finally, and most importantly, the Court found that the evidence against the defendant, without the photographs, was so strong, that any potential error did not have a substantial influence on the outcome or call the verdict into grave doubt.

Butters also relies on United States v. Hitt, 981 F.2d 422 (9th Cir. 1992). In Hitt, the defendant was charged with possessing an unregistered machine gun in violation of 26 U.S.C. § 5861(d). The Government introduced a photograph of the weapon at trial, although the photograph also showed about a dozen other weapons, including nine other guns, and several knives that did not belong to Hitt. The Ninth Circuit found that the photograph was highly prejudicial, misleading, and not probative. Therefore, the Court reversed the trial court, finding that admitting the photograph was error, and the error was not harmless. Id. at 424-25.

Butters was charged with using the internet to engage a minor to engage in sexual activity. At trial, the Government had to prove that (1) the defendant used a facility or means of interstate commerce; (2) the defendant did so in an attempt to persuade, induce, or entice an individual whom he believed to be under the age of 18 to engage in sexual activity; (3) that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of the State of Kansas; and (4) that the defendant acted knowingly and willfully. Butters sent a video of himself over the internet, of a sexual nature, to a person he believed to be thirteen years of age. He did this while having conversations with the agent regarding sex, and

telling her he wanted to meet her.  The photograph is relevant to the elements of the offense, showing Butters used the internet, and also that he was attempting to entice the individual to engage in sexual conduct.

Butters' counsel's decision not to object to the admission of the photographs was not clearly error.  The decision whether or not to make an objection at trial is a matter of trial strategy, and the court must apply a "heavy measure of deference." Strickland, 466 U.S. at 690-91.  The photographs are clearly relevant to the crime charged.  However, much like the Smith case relied upon by Butters, even if it was error to admit the photographs, the error was harmless as the evidence against Butters was overwhelming, and there is no showing that his substantial rights were violated.

Butters has not set forth facts upon which the court can find his trial counsel's performance is deficient.  Even if the court did conclude that his trial counsel's failure to object was deficient, Butters cannot show that counsel's performance was prejudicial.  Based on the overwhelming evidence against Butters,  Butters is not entitled to habeas relief "based on trial error unless he can establish that it resulted in 'actual prejudice.'" Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).   Butters' claim of ineffective assistance of counsel at trial is denied.

b.  Ineffective Assistance of Counsel - Direct Appeal

On direct appeal, Butters argued that (1) there was insufficient evidence to support his conviction; (2) his confession to FBI agent was involuntary, and (3) his sentence violates the Fifth and Eighth Amendments to the U.S. Constitution and the separation-of-powers doctrine.  The Tenth Circuit affirmed his conviction and sentence.

6

Butters argues that counsel was ineffective on direct appeal when he did not raise the argument that evidence was insufficient to establish that Mr. Butters persuaded, coerced, enticed, or induced anyone to do anything; and that the government had failed to prove, beyond a reasonable doubt, that Mr. Butters had not been entrapped.

To succeed on a claim of ineffective assistance of counsel on direct appeal, Butters must demonstrate that there is a reasonable probability that he would have prevailed on appeal if his counsel had raised the issues. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). If he cannot make this showing, relief should be denied. Id. When a habeas petitioner alleges that counsel was ineffective for failing to raise an issue on appeal, the Court examines the merits of the omitted issue. Id.

Butters argues that the undercover agent was actually the one doing the urging and enticing. A review of the transcript shows that while in the chat room, Butters asked the agent her age, sex, and location. She responded that she was 13, female, and in Kansas. She also told him her name was Michelle. He then asked if she liked older guys, he asked if she had a picture or a web camera, and he was the first one to suggest they meet. Butters told Michelle that if she satisfied him, he would treat her like a queen. He explained that he meant that she would have to have sex with him when he wants. Butters also masturbated and showed the images to Michelle on his web camera. In another conversation, Butters tells Michelle he is attempting to get leave time so that he can come see her. Eventually, Butters contacted Michelle, stating he would get a few days off, and wanting to know if she could meet him. He suggested they meet at Wal-Mart, and also suggested that she buy the condoms. Michelle stated that she could be there in 10 minutes, but she was afraid to buy the condoms, and asked that he do it. Butters agreed. Butters

was arrested outside of Wal-Mart after buying condoms.

Butters' argument that the agent was the one doing the enticing is not supported by the evidence. It was Butters that consistently discussed meeting, sex, and asking the agent not to let her parents know they were talking. Butters then made arrangements for them to meet at Wal-Mart, secured a motel room, and bought condoms. There is sufficient evidence for the jury to conclude that Butters induced, coerced, or persuaded a 13 year old into performing sexual activity. See United States. v. Thomas, 410 F.3d 1235, 1246 (10th Cir. 2005); United States v. Wales, 127 Fed.Appx 424, 431-32 (10th Cir. 2005).

Butters also argues counsel should have argued on direct appeal that the Government entrapped Butters. Butters argues that he was entrapped if the Government induced him to commit the offense, and if he was not predisposed to commit the offense, citing to United States v. Ford, 550 F.3d 975, 982 (10th Cir. 2008). In Ford, the Tenth Circuit stated that the Government induces the defendant when it "engages in 'conduct which creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense.'" Id., citing United States v. Nguyen, 413 F.3d 1170, 1178 (10th Cir. 2005). Evidence that a Government agent "solicited, requested, or approached the defendant to engage in criminal conduct, standing alone, is insufficient to constitute inducement." Id. "Predisposition exists if the defendant has an 'inclination to engage in the illegal activity for which he has been charged, i.e., that he is ready and willing to commit the crime.'" Ford at 982, citing Nguyen at 1178.

This case is similar to United States v Myers, 575 F.3d 801 (8th Cir. 2009), in which the defendant was convicted of 18 U.S.C. § 1470 and 18 U.S.C. § 2422(b). The facts in Myers are very similar to the facts in this case, where an undercover agent participated in chat

8

conversations with Myers, he masturbated over the internet for the individual, and they eventually decided to meet. Myers argued on appeal that he was entrapped by the Government. The Court in <u>Myers</u> stated that "[T]he alacrity with which Myers responded to the criminal opportunity amply demonstrated his willingness to violate the law." <u>Id.</u> at 807. The Court went on to state, "when a defendant responds immediately and enthusiastically to his first opportunity to commit a crime, without any period of government prodding, his criminal disposition is readily apparent." <u>Id.</u> at 807-808. The Court also considered the lack of reluctance to engage in sexually explicit conversation with a person he believed to be fourteen years of age, and his enthusiasm at sending a video of himself masturbating. <u>Id</u> at 808. Finally, the Court determined that the defendant "readily availed himself of the opportunity to perpetrate a crime." <u>Id.</u>, citing <u>Mathews v. United States</u>, 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988).

Butters cannot show that he was induced to commit the offense, or that he was not predisposed to commit the offense. Butters approached Michelle in a chat room, she did not approach him. Furthermore, it was the defendant who set up a time for them to meet, rented a motel room, and sent pictures of himself over the web camera. Although Michelle participated in messages, texts, and phone calls, and she discussed sex with Butters, the evidence does not support the contention that she induced the defendant. A law-abiding citizen would have stopped communication with a 13 year old when he discovered her age, and refused to discuss things that were sexual in nature. The element of predisposition may be shown by the defendant's eagerness to participate in the transaction, or his demonstrated knowledge or experience in the criminal activity. <u>Nguyen</u>, 413 F.3d at 1178. This is the situation in the case at hand, where Butters asked Michelle not to tell her parents on numerous occasions, at one point

9

stating he would get "locked up" if anyone knew.  Butters also actively planned their meeting, setting up the spot and securing the motel room.

Butters has not show that there is a reasonable probability that he would have prevailed on appeal if his counsel had raised the two issues discussed above.  Without making a showing of a likelihood of prevailing on direct appeal on the claims, Butters has not shown counsel was deficient.  Counsel for Butters was not ineffective by failing to raise issues on direct appeal that were not supported by the evidence.  Butters' claim of ineffective assistance of counsel on direct appeal is denied.

c. Evidentiary Hearing

Pursuant to section 2255(b), "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court is to "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255(b).  The defendant must allege facts, which if true, would entitle him to relief.  Hatch v. Oklahoma, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235, 116 S.Ct. 1881, 135 L.Ed.2d 176 (1996).  The defendant has not show he is entitled to relief.  The court denies the defendant's request for an evidentiary hearing.

IV. Conclusion

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the defendant's motion for relief under the provision of 28 U.S.C. § 2255 (Doc. 81) be DENIED, and

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 be DENIED.

IT IS SO ORDERED this 16th day of August, 2010, at Wichita Kansas.

 s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge